UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------x

MAHMOUD MOHAMED, on behalf of himself,
FLSA Collective Plaintiffs and the Class,

                        Plaintiff,

                  v.

SOPHIE'S CUBAN CUISINE INC., *et al.*,

                   Defendants.

----------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/21/2015

14-cv-3099 (TPG)

ECF CASE

**OPINION**

      In this putative collection action, plaintiff Mahmoud Mohamed brings claims on behalf of himself and other similarly situated individuals against defendants Sophie's Cuban Cuisine, Inc., Everything Cuban LLC, MM Restaurant Enterprises LLC, Sophie's Cuban Cuisine Franchising, Inc., John Doe Corporations 1-8, and Sofia Luna (collectively, "<u>Defendants</u>"). Plaintiff seeks damages for failure to pay the minimum wage as required by the Fair Labor Standards Act, 29 U.S.C. § 201 (2012) <u>et seq.</u> ("<u>FLSA</u>") and New York Labor Law.

      Before the Court is plaintiff's motion to conditionally certify a FLSA collective action pursuant to 29 U.S.C. § 216(b) of the FLSA. Dkt. No. 11. In support of his motion, plaintiff submitted a three and a half page declaration. Dkt. No. 13. A second Sophie's Cuban employee, Ricardo Robles-Ramirez, filed an affidavit in support of the instant motion with plaintiff's reply brief. Dkt. No. 24. The motion was fully submitted as of February 20, 2015.

      For the reasons set forth below, the motion is granted in part.

## BACKGROUND

The following facts are drawn from the Complaint, Dkt. No. 2, and plaintiff's declaration. Certain facts are also drawn from the declaration of Ricardo Robles-Ramirez.

Defendants' restaurant, called "Sophie's Cuban," prepares and serves Cuban food. It has both a seated service and a delivery service. Sophie's Cuban has eight locations, all of which are specified in the complaint. See Compl. ¶ 12. According to plaintiff, these eight locations are "operated and marketed by Defendants as a single integrated enterprise and share the same employment policies." Id. ¶ 13; Mohamed Decl. ¶ 4-5; Robles-Ramirez Decl. ¶ 4-5. Two of the locations named in the complaint have since closed. One locations does not have its own kitchen, but serves food prepared at a different location.

Plaintiff is a former kitchen helper and food delivery person employed by defendants, who generally worked 20 hours per week. Id. ¶ 28; Mohamed Decl. ¶¶ 7-8. From November 2012 until March 2013, he worked at the Sophie's Cuban located at 805 Third Avenue in Manhattan. Mohamed Decl. ¶¶ 1-2. He was paid $6 per hour for his food delivery work. He was also paid $7.25 per hour for the first hour of each shift. Mohamed Decl. ¶ 8. In April 2013, plaintiff also worked at an additional Sophie's Cuban location, at 369 Lexington Avenue. Mohamed Decl. ¶ 1. He was paid $5 per hour for this work. Mohamed Decl. ¶ 8. Plaintiff's declaration gives the first name of two other employees working with him in these two locations, and claims that these two "tipped employees did work that was the same or similarly to work [plaintiff] did," but does not specify the number of hours worked by each employee or the amount they were paid. Mohammed Decl. ¶ 6.

Plaintiff alleges that he "was never given any notice that Defendants were taking a tip credit, nor was he given proper notice of the tipped credit minimum wage or his overtime rate."

2

Id. ¶ 28. He "observed that no other tipped employee at Sophie's Cuban Restaurants was given such notice." Id. While plaintiff only worked at two Sophie's Cuban restaurants, he "observed employees from the two Sophie's Cuban restaurants be sent to work at other Sophie's Cuban restaurants, and observed that employees from other Sophie's Cuban restaurants would come to work at the two restaurants where he worked." Id. ¶ 33. Based on conversations with these other employees, plaintiff learned that defendants "instituted the same wage and hour policy to all employees at each of the Sophie's Cuban Restaurants," and did not pay these other employees "the minimum wage as required under the FLSA" or "satisfy the statutory requirements in order to claim a valid tip credit allowance." Id.

Ricardo Robles-Ramirez worked at a third Sophie's Cuban location, at 28 East 23rd Street in Manhattan. Robles-Ramirez Decl. ¶ 2. He worked as a dishwasher and food delivery person. Robles-Ramirez was also sometimes asked to deliver merchandise and other supplies to the Lexington Avenue and Third Avenue locations where plaintiff worked, as well as to the Sophie's Cuban corporate office at 262 W. 38th Street. Id. ¶ 5. He states that, based on "personal experience working at the 23rd Street location and based on conversations with co-workers who were working for two Sophie's Cuban restaurants simultaneously, I learned that the eight Sophie's Cuban Restaurants are owned and controlled by [defendant] Sofia Luna and had the same wage and hour policy." Id. ¶ 4.

Like plaintiff, Robles-Ramirez "observed that other tipped employees did work that was the same or similar to the work I did," although he does not provide last names of any such individuals. Id. ¶ 6. Robles-Ramirez claims that he worked over forty hours per week, without appropriate overtime compensation, from November 2010 to February 2012. Id. ¶ 7. He also claims that he was paid below minimum wage, with an hourly rate of $4.65 from June 2009 to

3

February 2012, an hourly rate of $5.00 for certain hours from March 2012 to December 2013, and an hourly rate of $5.65 for certain hours from January 2014 to January 2015. Id. ¶ 8. Robles-Ramirez claims he was never provided proper notice of tip credit or proper wage statements. Id. ¶ 9. Through his "observation and conversations with other tipped employees employed by Defendants," Robles-Ramirez claimed that other tipped employees also did not receive notice of tip credit or proper wage statements. Id. ¶¶ 9-10.

Plaintiff brings claims for relief "on behalf of all non-exempt tipped persons, including waiters, busboys, runners, delivery persons and bartenders, employed by Defendants at any of the Sophie's Cuban Restaurants on or after the date that is six years before the filing of the Complaint[.]" Id. ¶ 16. Plaintiff alleges that defendants "willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay their minimum wages in the lawful amount for hours worked." Id. ¶¶ 17, 42-44. Plaintiff further alleges that defendants "were not entitled to take any tip credits under the FLSA or NYLL, because they: "(i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit . . . (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of the FLSA and NYLL[.]" Id. ¶¶ 34, 44.

## DISCUSSION

The FLSA regulates minimum and overtime wages paid by employers engaged in interstate commerce, among other practices. Grochowski v. Phoenix Const., 318 F.3d 80, 87 (2d Cir. 2003). The statute affords workers a right to sue on behalf of themselves and "other employees similarly situated" for violations of the minimum wage and overtime provisions of

4

the FLSA.  See 29 U.S.C. § 216(b).

Courts in this circuit follow a two stage certification process for FLSA collective actions: first, on the initial motion for conditional class certification, and second, after discovery.  Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010); see also Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007).  At this first stage, the burden is on plaintiff to show that he and potential opt-in plaintiffs are similarly situated.  E.g., Kim Man Fan v. Ping's On Mott, Inc., 13 Civ. 4939, 2014 WL 1512034, at *1 (S.D.N.Y. Apr. 14, 2014).  However, this burden is minimal, because after discovery, courts look to the record to determine whether opt-in plaintiffs are truly similarly situated to the name plaintiffs; if not, the action may be "de-certified" and the opt-in claims may be dismissed.  Myers, 624 F.3d at 555; Amador v. Morgan Stanley & Co. LLC, No. 11 Civ. 4326, 2013 WL 494020, at *3 (S.D.N.Y. Feb. 7, 2013).

To meet this low threshold at the first stage, plaintiffs need only make a "modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."  Myers, 624 F.3d at 555.  Plaintiff may "accomplish this by making some showing that there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions . . . [and] are classified as exempt pursuant to a common policy or scheme."  Id.  Although this "modest factual showing cannot be satisfied simply by unsupported assertions, . . . it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist."  Id. (internal citation omitted).  Plaintiffs may satisfy their minimal burden by relying on their own pleadings and affidavits, or the affidavits of other potential collective members.  Grant v. Warner Music Grp. Corp., No. 13 Civ. 4449, 2014 WL 1918602, at *3 (S.D.N.Y. May 13, 2014).  In reviewing a request for conditional certification at the first stage, the court need

5

not evaluate the underlying merits of plaintiffs' claims. See Indergit v. Rite Aid Corp., No. 08 Civ. 9361, 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010).

Here, defendants argue that plaintiff has failed to provide specific allegations showing that he and other employees are similarly situated with regard to the allegedly unlawful pay practices at issue. By contrast, plaintiff claims that the "detailed allegations in the Complaint and in his declaration show that all Covered Employees were subject to the same compensation scheme," and that, if proven, the allegation would "establish that Defendants maintain illegal policies and practices that similarly affect all Covered Employees employed by Defendants." Pl.'s Br. at 10.

Plaintiff is correct. Taken together, the complaint, plaintiff's affidavit, and the Robles-Ramirez affidavit amount to adequate allegations that plaintiff, Robles-Ramirez, and other employees at Sophie's Cuban shared similar workplace responsibilities and were not adequately compensated. Plaintiff and Robles-Ramirez both claim that they have spoken with tipped employees at these other locations who did the "same or similar" work, and that these other employees were subject to similar wage practices. At this point in the litigation, such claims satisfy plaintiff's minimal burden of showing that he is "similarly situated" to the proposed collective members. This showing is all that is required under § 216(b).

Defendants also argue that, even if the court grants conditional certification with respect to the two locations where plaintiff actually worked, the class should be limited to those locations only. Plaintiff brings claims for relief "on behalf of all non-exempt tipped persons, including waiters, busboys, runners, delivery persons and bartenders, employed by Defendants at any of the Sophie's Cuban Restaurants on or after the date that is six years before the filing of the Complaint[.]" Id. ¶ 16 (emphasis added). Defendants note that plaintiff—at the time

defendants' opposition was filed—had not included affidavits from employees of the six other
Sophie's Cuban locations. Instead, defendants note that plaintiff has alleged only that he has
"observed employees from the two Sophie's Cuban restaurants be sent to work at other Sophie's
Cuban restaurants, and observed that employees from other Sophie's Cuban restaurants would
come to work at the two restaurants where he worked," Compl. ¶ 33, and that based on
conversations with these other employees, plaintiff learned that defendants "instituted the same
wage and hour policy to all employees at each of the Sophie's Cuban Restaurants[.]" Id.

Defendants' arguments are unavailing. First, since defendants filed their opposition,
plaintiff has in fact submitted a supporting affidavit from an employee of an additional Sophie's
Cuban location. Second, and more fundamentally, defendants misconstrue the scope of the
court's inquiry at this early stage. It is true that plaintiff and Robles-Ramirez have worked at
only three of the eight named Sophie's Cuban locations: 805 Third Avenue, 369 Lexington
Avenue, and 28 E. 23rd Street. However, courts in this Circuit "often authorize notice to
employees of restaurant locations where the named plaintiff did not work at all, as long as there
is sufficient evidence that those employees were subject to the same allegedly unlawful policies."
Juarez v. 449 Rest., Inc., No. 13 Civ. 6977, 2014 WL 3361765, at *5 (S.D.N.Y. July 2, 2014)
(collecting cases); see also Garcia v. Four Bros. Pizza, Inc., 13 Civ. 1505, 2014 WL 2211958, at
*6 (S.D.N.Y. May 23, 2014).

The court finds that such "sufficient evidence" is presented here. Plaintiff and Robles-
Ramirez both claim that they have spoken with tipped employees at these other locations who
did the "same or similar" work, and both claim that all eight locations are operated as a single
enterprise with common wage practices. Other evidence presented indicates that employees
were interchangeable between various Sophie's Cuban locations, and that the eight locations

shared a common website, menu, and inventories. In light of plaintiff's minimal burden at this stage, the court concludes that the evidence presented suffices to permit an inference that the allegedly unlawful pay policies at three Sophie's Cuban locations extended to the other five in plaintiff's proposed class. See Juarez, 2014 WL 3361765, at *6 (citing Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12 Civ. 265, 2012 WL 1981507, at *1 & n.1 (S.D.N.Y. June 1, 2012)).

Nevertheless, plaintiff's proposed collective sweeps too broadly in terms of time. Plaintiff seeks certification for employees working at Sophie's Cuban in the six years prior to the filing of the complaint. But this court adopts the view of many courts in this Circuit that three years—not six—is the appropriate statute of limitations in FLSA cases. E.g., Gaspar v. Personal Touch Moving, Inc., No. 13 Civ. 8187, 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (rejecting plaintiff's argument that a six year limitations period should apply, and finding that when willful violations of the FLSA are alleged, "a three year limitations is appropriate").

Defendants argue that four of the Sophie's Cuban locations plaintiff seeks to include in his proposed notice are franchise locations and named defendants in a case pending before Judge Swain in this district, which is on the verge of settlement as a class and collective action. Def.'s Br. 1, 4. Defendants claim that these four branches are owned by franchise owners, not by named defendant Sofia Luna, and should not be included in plaintiff's class. However, plaintiff claims that "the eight Sophie's Cuban Restaurants are owned and controlled by SOFIA LUNA and had the same wage and policy." Because at this initial stage, the court "'does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations,'" the court will include all eight locations in the certified class at this juncture. See Guo Qing Wang v. H.B. Rest. Grp., Inc., No. 14 Civ. 813, 2014 WL 5055813, at *3

8

(S.D.N.Y. Oct. 7, 2014) (quoting Lynch v. Lynch v. United States Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).

### A. Notice to Former Employees

After conditionally certifying a group of FLSA plaintiffs, a court has broad discretion to implement § 216(b) by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to join the litigation as represented members. See Myers, 624 F. 3d at 554. Plaintiff has submitted a proposed notice, and seeks employee names, last known address, Social Security numbers, title compensation rate, period of employment, last known mailing address, email address and telephone numbers. Plaintiff also seeks a court order that his proposed notice may be posted, along with consent to sue forms, in the relevant Sophie's Cuban locations. Defendants raise a number of objections to the content of the notice, and to plaintiff's proposed method of distribution. Def.'s Br. 9-13.

Numerous courts have found that discovery of employees' basic contact information is appropriate at this stage. E.g., Chhab v. Darden Restaurants, Inc., No. 11 Civ. 8345, 2013 WL 5308004, at *15 (S.D.N.Y. Sept. 20, 2013) (citing Raniere v. Citigroup Inc., 827 F. Supp. 2d 294, 327 (S.D.N.Y. 2011)). However, privacy concerns have precluded courts from ordering the disclosure of certain personal information, including telephone numbers and social security numbers, absent a showing that a large number of the initial mailings have been returned as undeliverable. E.g., Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009). Similarly, absent a showing that many notices were returned as undeliverable, courts have refused to require posting of a collective action notice in the workplace. E.g., Hernandez v. Merrill Lynch & Co., No. 11 Civ. 08472, 2012 BL 90437, at *7-8 (S.D.N.Y. Apr. 6, 2012); Fippins v. KFMG LLF, No. 11 Civ. 0377, 2012 BL 50557, at *15 (S.D.N.Y. Jan. 3, 2012).

The court therefore directs defendants to produce to plaintiff the names, dates of employment, and last known addresses of all potential opt-in plaintiffs who have worked as non-exempt tipped persons, including waiters, busboys, runners, delivery persons and bartenders, at the eight specified Sophie's Cuban locations within the three years preceding the notice issuance date. However, defendants need not produce social security numbers, email addresses, dates of birth, or telephone numbers, and need not allow for plaintiff's notice to be posted at this time in Sophie's Cuban locations.

CONCLUSION

Plaintiff's motion to certify this collective action is granted.

The parties are ordered to submit a joint proposed form of notice and consent form, consistent with this opinion, to the court for approval within 14 days of the date of this opinion.

The Clerk of Court is directed to terminate the motion listed as item 11 on the docket.

SO ORDERED.

Dated:　New York, New York
　　　　September 21, 2015

　　　　　　　　　　　　　　Thomas P. Griesa
　　　　　　　　　　　　　　U.S. District Judge